IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JESSICA HANSEN, on behalf of herself and other members of the putative class, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:23-cv-0200-DGK ) ) |
| THE COCA-COLA COMPANY, | ) ) |
| Defendant. | ) ) |

## ORDER DENYING MOTION FOR REMAND

This lawsuit arises from Plaintiff Jessica Hansen's allegation that the Coca-Cola Company's packaging of its "margarita" hard seltzer products violates the Missouri Merchandising Practices Act ("MMPA") by misleading consumers into believing these products contain tequila. The lawsuit was filed in the Circuit Court of Jackson County, Missouri, and Defendant Coca-Cola removed it to federal court by invoking the Court's jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Now before the Court is Plaintiff's Motion for Remand and Suggestions in Support. ECF No. 11. The Court holds Plaintiff has waived her argument that *Standard Fire Insurance Co. v. Knowles* does not preclude her from excluding the cost of possible injunctive relief in calculating the CAFA amount-in-controversy. Thus, the Court finds the amount-in-controversy requirement is met, and the motion is DENIED.

**Background**

Coca-Cola has marketed a line of hard seltzers which use the word "margarita" along with an agave plant on its packaging. On January 19, 2023, Plaintiff filed this lawsuit in the Circuit Court of Jackson County, Missouri. Her Petition alleges this packaging is false and deceptive and

enticed her and the putative class members into believing these products contain tequila, which they do not. Pet. ¶¶ 1, 4, 5, 8, ECF No. 1-1.

The Petition pleads a Missouri-only class action under the MMPA. *Id*. ¶¶ 32, 43-50. The prayer for relief seeks "damages to the full extent permitted by law," attorneys' fees and litigation costs, pre- and post-judgment interest, and "such other and further relief as may be just and proper." *Id*. at 9.

Plaintiff served Defendant with the Petition on February 22, 2023. On March 24, 2023, Defendant removed the case to federal court by asserting CAFA jurisdiction, arguing this is a putative class action, the putative class contains more than 100 members, the amount in controversy is more than $5,000,000, and there is minimal diversity between the parties under 28 U.S.C. § 1332(d)(2).

**Standard**

The statute governing removal provides in relevant part that "[a]ny civil action brought in a State court . . . may be removed by the defendant or the defendants" if the federal court has original jurisdiction over it. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing federal jurisdiction. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). All doubts about removal are resolved in favor of remand. *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

To establish CAFA jurisdiction, the removing party must show that the aggregate amount in controversy in the class action exceeds $5,000,000 and "there is minimal (as opposed to complete) diversity among the parties, i.e., any class member and any defendant are citizens of different states; and there are at least 100 members in the class." *Westerfeld v. Indep. Processing LLC*, 621 F.3d 819, 822 (8th Cir. 2010) (citing 28 U.S.C. § 1332(d)).

## Discussion

The only dispute concerning whether CAFA jurisdiction exists in this case is whether the amount-in-controversy requirement is met.

In its notice of removal, ECF No. 1, Defendant argued the amount in controversy exceeds $5 million because of the value of injunctive relief which is available under the MMPA and which Defendant estimated exceeded $12,800,000,[1] in addition to the cost of compensatory damages and attorneys' fees. Defendant argued the prayer for relief demands "such other and further relief as may be just and proper," thus it encompasses a request for injunctive relief under the MMPA. Anticipating Plaintiff would respond that the Petition contains no request for injunctive relief, Defendant argued that as the named plaintiff in a putative class action, Plaintiff cannot disclaim relief to which class members are otherwise entitled. In support, Defendant cited and discussed the Supreme Court's reasoning in *Standard Fire Insurance Co. v. Knowles*. Notice of Removal ¶¶ 30-33. In *Standard Fire*, the Supreme Court held that a named plaintiff in a putative class action cannot evade federal CAFA jurisdiction by stipulating that class damages will not exceed $5,000,000 because the named plaintiff cannot bind members of the proposed class before the class is certified. 568 U.S. 588, 593 (2013).

In the suggestions in support of her motion to remand, Plaintiff argues Defendant cannot satisfy the amount-in-controversy requirement for federal jurisdiction because compensatory damages are limited to the revenue Defendant generated from Missouri sales of the product, which were approximately $1 million, and attorneys' fees, which will be at most another $2 million.

---

[1] This $12,800,000 was the cost estimated by Defendant to, among other things, remove or substantially modify all references to the challenged statements from the packaging and labeling, redesign the packaging and labeling, and remove the challenged statements from media sources, including websites and social media platforms. Daniel White Decl. ¶ 6, ECF No. 1-2.

Plaintiff contends the value of injunctive relief should not be included because she is not seeking injunctive relief and she has not pled facts supporting injunctive relief. Plaintiff asserts that even if the Court considered the value of injunctive relief, the costs involved would be "minor," but she did not support this observation with an expert affidavit or other evidence. Mot at. 8-9.

Notably, although Plaintiff cites *Standard Fire* for black-letter law concerning the requirements for CAFA jurisdiction, Mot. at 3, she does not address Defendant's argument that *Standard Fire*'s reasoning bars Plaintiff's attempt to avoid CAFA jurisdiction by not seeking injunctive relief.

In its response to the motion for remand, Defendant responds to Plaintiff's arguments. It also notes that in her brief, Plaintiff completely ignored the *Standard Fire* issue despite the fact that Defendant raised it in its notice of removal. Defendant contends:

> By failing to address *Standard Fire* at all, Plaintiff has waived her right to contest this ground for removal. *See Goodwin v. Vill. of Oakview, Missouri*, No. 19-00009-CV-W-ODS, 2019 WL 1344727, at *3 (W.D. Mo. Mar. 25, 2019) ("Plaintiff did not address Defendants' argument … . By failing to respond, Plaintiff tacitly waives an argument to the contrary."). Nor can Plaintiff salvage this failure by improperly attempting to make counterarguments for the first time on reply. *See, e.g.*, *Holloway v. Hartford Life & Accident Ins. Co.*, No. 10-4002-CV-S-ODS, 2010 WL 11565699, at *1 (W.D. Mo. Aug. 5, 2010) ("The Court notes that Plaintiff improperly delayed making [the arguments] until her reply suggestions. This tactic–known as 'sandbagging'–suggests that Plaintiff knew her arguments could not withstand opposing counsel's scrutiny."); *Hot Stuff Foods, LLC v. Houston Cas. Co.*, 771 F.3d 1071, 1080 (8th Cir. 2014) ("We deplore this kind of [] sandbagging and would have been inclined to strike the Reply Brief had we been asked to do so.").

Resp. at 10, ECF No. 12.

In her reply, Plaintiff addresses Defendant's *Standard Fire* argument at length, arguing there is a difference between not seeking injunctive relief and disclaiming injunctive relief. Reply

4

at 2-5. Plaintiff also supports her claim by citing and quoting from several cases from the Western District of Missouri. Plaintiff does not, however, respond to Defendant's waiver argument or otherwise explain why she waited until her reply brief to address *Standard Fire*'s applicability here.

The Court holds Plaintiff has improperly delayed addressing Defendant's *Standard Fire* argument until its reply brief, thereby depriving the Court of the benefit of complete and full adversarial briefing on this issue, and so Plaintiff has waived her right to contest this argument. Consequently, as a result of this waiver, the Court holds it can consider the cost of injunctive relief in calculating the amount in controversy.[2] Finally, while the Court is not convinced the cost of complying with injunctive relief would be more than $12,000,000, the Court is firmly convinced the cost of complying with an injunction would easily exceed $5,000,000, the CAFA jurisdictional threshold.

## Conclusion

Because the amount-in-dispute requirement is met, the motion for remand is DENIED.

**IT IS SO ORDERED.**

Date: June 2, 2023                    /s/ Greg Kays
                                      GREG KAYS, JUDGE
                                      UNITED STATES DISTRICT COURT

---

[2] The Court makes no ruling on the merits of the parties' *Standard Fire* arguments.